IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY LEWIS MARSHALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action 10-00496-KD-N |
| | ) | |
| KENNETH JONES, and the | ) | |
| ATTORNEY GENERAL of | ) | |
| ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on respondent's answer and motion to dismiss (doc. 15 ) filed January 31, 2011, wherein respondent sets forth that petitioner's habeas corpus petition, filed on September 10, 2010 (doc. 1), and amended on December 30, 2010 (doc. 14), is barred on the grounds, in sum, that it is a third or successive habeas petition for which the petitioner has failed to obtain permission from the Eleventh Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A).[1] The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2254 petition, respondent's opposition thereto (doc. 15) and all other pertinent portions of the record, it is the recommendation of the undersigned that the § 2254 petition be DENIED.

---

[1] Respondent also asserts that the petition is time barred and asks leave to brief the issue should the court find that jurisdiction is proper. Because the undersigned finds that the petition is a successive petition which petitioner has filed without first obtaining leave from the Eleventh Circuit Court of Appeals, the statute of limitations issue is not addressed herein.

## I. PROCEDURAL HISTORY[2]

On May 7, 1997, Petitioner, Gary Lewis Marshall, was convicted of the murder of his wife in the Circuit Court of Hale County, Alabama; he was sentenced on June 19, 1997, to life imprisonment. (Doc. 15-7 at 1-2). Marshall's conviction and sentence were affirmed on appeal by the Alabama Supreme Court on February 13, 1998. (*Id*. at 2). He subsequently filed an application for rehearing, which was overruled by the Alabama Court of Criminal Appeals on April 3, 1998. On July 17, 1998, Marshall's petition for writ of certiorari was denied by the Alabama Supreme Court. (*Id*.) On April 21, 1998, Marshall filed a Rule 32 petition in the Circuit Court of Hale County, Alabama collaterally attacking his conviction and sentence. (*Id*.) The trial court's dismissal of the Rule 32 petition was affirmed by the Alabama Court of Criminal Appeals on March 23, 2001. (*Id*.) Marshall filed a second Rule 32 petition in the Circuit Court of Hale County, Alabama on June 6, 2001. (*Id*.) Petitioner's second petition and motions relating thereto remained pending in Alabama's state courts for almost three years. (*Id*.)

On April 23, 2004, Marshall filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, collaterally attacking his conviction and sentence. *See* Marshall v. Holt, Civil Action No. 04-0260-CB-C. (*Id*.) On January 21, 2005, a Report and Recommendation was entered recommending that Marshall's first habeas petition be denied on the basis that the Court was procedurally barred from considering any of the claims raised. (*Id*.; *see also* Civil Action No. 04-0260-CB-C, Doc.

---

[2] The uncontested facts in this case are set forth in the Report and Recommendation entered in Gary Lewis Marshall v. Kenneth Jones, Civil Action no. 08-0521-CG-C, on November 20, 2008 (doc. 10), which was adopted by the Court on December 22, 2008 (doc. 12) and references the evidence in support thereof (doc. 9), and is also attached as Exhibit G (doc. 15-7) to Respondent's Answer (doc. 15) in the case at bar.

23). The District Court adopted the Report and Recommendation on February 16, 2005. (*Id*. at 2-3; *see also* Civil Action No. 04-0260-CB-C, Docs. 27-28). Marshall filed a written notice of appeal, Marshall v. Holt, CA 04-0260-CB-C, Doc. 30, and requested a certificate of appealability. He later filed a motion for leave to appeal in forma pauperis. (*Id.* at 3, *see also* Civil Action No. 04-0260-CB-C, Doc. 33). On March 23, 2005, this Court entered an order denying petitioner's motion for leave to appeal in forma pauperis and his motion for certificate of appealability. (*Id.* at 3, *see also* Civil Action No. 04-0260-CB-C, Doc. 34). Marshall filed a second motion for certificate of appealability on April 22, 2005; this motion was denied on April 26, 2005. (*Id.*; *see also* Civil Action No. 04-0260-CB-C, Doc. 35-36). On May 2, 2005, the Eleventh Circuit Court of Appeals dismissed Marshall's appeal for want of prosecution due to his failure to pay the required filing fee. (*Id.*; *see also* Civil Action No. 04-0260-CB-C, Doc. 37). Marshall filed a third motion for certificate of appealability on May 5, 2005; this motion was denied on May 11, 2005. (*Id.*; *see also* Civil Action No. 04-0260-CB-C, Doc. 38-39). On June 15, 2005, the Eleventh Circuit Court of Appeals denied Marshall's motion for certificate of appealability due to his inability to make the requisite showing. (*Id.*; *see also* Civil Action No. 04-0260-CB-C, Doc. 40).[3]

Marshall filed his third Rule 32 petition in the Circuit Court of Hale County, Alabama on or about May 12, 2006. (*Id.* at 3-4) The trial court summarily denied the collateral petition and Marshall then filed another Rule 32 petition on December 24, 2007, "seeking an out-of-time appeal from the denial of his third Rule 32 petition." (*Id.*)

---

[3] Thereafter, the Eleventh Circuit entered an order, on October 20, 2005, dismissing Marshall's appeal for lack of jurisdiction. (*Id*. at n. 1; *see also* Civil Action No. 04-0260-CB-C, Doc. 41).

The trial court summarily denied that petition as well, and from this denial Marshall appealed to the Alabama Court of Criminal Appeals. (*Id.*) On August 15, 2008, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the petition by memorandum opinion. (*Id.*)

Marshall filed his second habeas corpus petition in this Court on September 7, 2008. *See* Marshall v. Jones, Civil Action No. 08-0521-CG-C . (*Id.*). Most of the claims petitioner sought to raise in the second petition were identical to those raised in the first petition. (*Id.*). On November 20, 2008, a Report and Recommendation was entered recommending that the second petition be dismissed due to petitioner's failure to obtain prior authorization from the Eleventh Circuit Court of Appeals to proceed with the successive petition as required by 28 U.S.C. § 2244(b)(3)(A). (*Id.*).

On September 10, 2010, Marshall filed the instant petition, now his third, for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the following claims: ineffective assistance of counsel for failure to address petitioner's mental condition, two instances of police misconduct, and the district attorney's introduction of prejudicial evidence. (Doc. 1) On December 13, 2010, petitioner filed a motion to amend his § 2254 petition (doc. 12) to assert three additional ineffective assistance of counsel claims as well as a claim involving a juror's alleged failure to disclose certain information concerning her relationship to the victim. On January 31, 2011, respondent filed his answer and motion to dismiss asserting, as stated above, that Marshall's petition is barred because it is a third or successive habeas petition for which the petitioner has failed to obtain permission from the Eleventh Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A). (Doc. 15). In response, Marshall contends that his petition is not

successive because, *inter alia*, the previous petitions were "dismissed without prejudice." (Doc. 16 at 1). Marshall's contention is without merit as neither of his previous petitions was denied without prejudice. Rather, Marshall was specifically advised by this Court in Civil Action No. 08-0521-CG-C that "[a]ny dismissal, whether termed with or without prejudice, does not negate petitioner's need to obtain the court of appeals' permission to file a successive petition." (Doc. 15-8 at n. 1; s*ee also*, <u>Marshall</u>, Civil Action No. 08-0521-CG-C at Doc. 12, n. 1.).

## II. ANALYSIS

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'." <u>Guenther v. Holt</u>, 173 F.3d 1328, 1330 (11th Cir. 1999), *quoting* 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085 (2000). This jurisdictional issue was reaffirmed in <u>Turner v. Howerton</u>, in which the Eleventh Circuit held:

> A state prisoner who wishes to file a second or successive federal habeas corpus petition is required to move the court of appeals for an order authorizing the district court to consider such a petition. See 28 U.S.C. 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

196 Fed. Appx. 848, 852 (11th Cir. 2006). *See also* <u>Parker v. Dinwiddie</u>, 258 Fed. Appx. 200, 201 (10th Cir. 2007)("A district court does not have jurisdiction to address the

merits of a second or successive petition until this court has granted the required authorization under 28 U.S.C. § 2244(b)(3)(A).").

In view of the § 2254 petitions filed in this Court by Marshall on April 23, 2004, which was denied on February 16, 2005[4] and on September 11, 2008, which was dismissed on December 22, 2008, as an unauthorized successive petition,[5] Marshall was required to obtain permission from the Eleventh Circuit Court of Appeals prior to filing the present petition. He failed to do so. The Eleventh Circuit has consistently held that it must give its permission before a district court may consider a second or successive habeas petition challenging a conviction or sentence. *See also* In re Joshua, 224 F.3d 1281, 1282 (11th Cir. 2000)("[P]risoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." ); In re Provenzano, 179 F.3d 1326, 1327 (11th Cir. 1999)(The Court of Appeals "may authorize the filing of a second habeas petition only if we determine the applicant has made a prima facie showing that the new claims he seeks to raise fit within one of the two exceptions against belated claims that are set out in § 2244(b)(2)."). "Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins v. Secretary, Department of Corrections, 557 F.3d 1257, 1259 (11th Cir. 2009). *See also*, Rodgers v. Hertzel, 2010 WL 4628100, *2 (S.D. Ala. Oct. 7,

---

[4] *See* Marshall v. Holt, Civil Action No. 04-0260-CB-C (Docs. 1, 27).

[5] *See* Marshall v. Jones, Civil Action No. 08-0521-CG-C (Docs. 1, 13).

2010)(same). The instant petition is, in fact, a <u>third</u> successive petition filed without the required authorization. Consequently, it is recommended that this action be dismissed for lack of jurisdiction due to petitioner's failure seek an order from the Eleventh Circuit Court of Appeals, pursuant 28 U.S.C. § 2244(b)(3)(A) prior to filing a successive petition.

CERTIFICATE OF APPEALABILITY/*IN FORMA PAUPERIS*

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant action, Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his third habeas petition; thus, this Court is without

jurisdiction to consider his successive petition. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D .Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## CONCLUSION

For the reasons set forth above, if is hereby RECOMMENDED that Marshall's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**, and that no Certificate of Appealability should issue.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 28th day of February, 2011.

/s/Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[6] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this  28th  day of February, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).