**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| GARY LEWIS MARSHALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 1:10-00496-KD-N |
| | ) |
| KENNETH JONES, and the | ) |
| ATTORNEY GENERAL of | ) |
| ALABAMA, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This matter is before the Court on petitioner Gary Lewis Marshall's "Motion to Reconsider." (Doc. 21). The petitioner moves the Court to alter or amend the order and judgment entered March 11, 2011 (Docs. 19, 20), denying his petition for habeas corpus and a certificate of appealability.

The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transp., 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). It may not be used to bring new arguments or to submit evidence which was previously available but not properly presented. Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Also, "[i]t is well established in this

1

circuit that additional facts and arguments that should have been raised in the first instance are not appropriate grounds" and that "a motion to reconsider should not be used by the parties to set forth new theories of law." Gougler, 370 F. Supp. 2d at 1189 (internal quotation marks omitted). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotation marks omitted). See also, e.g., Bell v. Integrated Health Servs., Inc., Civil Action No. 06-0356-WS-M, 2007 WL 274364, at *3 (S.D. Ala. Jan. 30, 2007).

The petitioner has neither identified nor articulated grounds meriting reconsideration in this case. Accordingly, the petitioner's motion to reconsider (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** this the **24th** day of **March, 2011**.

    s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**